# RICHARD P. KUTUCHIEF
ATTORNEY AND COUNSELOR AT LAW
𝕿𝖍𝖊 𝕷𝖆𝖜 𝕭𝖚𝖎𝖑𝖉𝖎𝖓𝖌
159 South Main Street
Suite 807
AKRON, OHIO  44308

PHONE  330-762-1134                                justuse@aol.com                                Fax   330-762-2226

May 11, 2016


David M. Toeper
Assistant United States Attorneys
100 East Federal Plaza
City Center One
Suite 325
Youngstown, Ohio 44503

       Re:   𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝖛. 𝕵𝖊𝖓𝖓𝖎𝖋𝖊𝖗 𝕬. 𝕷𝖊𝖊
             Case No. 4:16CR088-11-SL

Dear Attorney Toeper:

      Pursuant to **Rule 16, Federal Rules of Criminal Procedure**, and other authority cited herein, this is to request disclosure of the following information and documents relative to the above captioned matter:

## I.  Defendant's Statements-Rule 16(a)(1)(A)(B)

      (1)    Any written or recorded statement made by the defendant within the possession, custody, or control of the government, to include such statements presently within the possession or control of government law enforcement officers or informants, and or the existence of which may become known to you through the exercise of due diligence.

      (2)    That portion of any written record containing the substance of any oral statement made by the defendant (including police or agent notes) in response to interrogation by a person then known to the defendant to be a government agent.  This request seeks relevant oral statements regardless of whether the government intends to use them in evidence.

      (3)    Defendant also requests that the government determine whether defendant has made an oral statement to any law enforcement officer or agent which the government intends to use at trial but which has not been reduced to writing.  If such a statement is found to exist, it is requested that you cause it to be reduced to writing and produced.

Any statements, whether oral or written, made by any alleged co-conspirator, indicted or unindicted, including statements by co-conspirators in the course of and in furtherance of the conspiracy, **United State v. Aquello**, 367 F. Supp. 444 (E.D. N.Y. 1973). **United States v. Thevis**, 84 F. R. I), 47 (N.I.), (ia 1979), **United States v.**

**Lewis**, 816 F.2d 682 (6th Cir. 1987); 801(d)(2)(1), Federal Rules of Evidence.

## II.  Defendant's Prior Criminal Record--Rule 16(a)(1)(D)

Defendant requests a copy of his prior criminal record, including all matters known to or reasonably discoverable by the government which may affect the criminal history score under the United States Sentencing Guidelines, Chapter 4.

## III.  Documents and Tangible Objects--Rule 16(a)(1(E)

This is to request that you produce the following documents (copies) and tangible objects:

>(a)those which the government intends to use as evidence in chief at trial;
>
>(b)those which were obtained from or belong to the defendant (together with a description of where each item was found or obtained); and
>
>(c)those which are material to the preparation of the defense, (including, but not limited to, documents and tangible objects relevant to any "other offense" evidence which the government intends to introduce at trial under **Rule 404(b)**.  I would consider all documents and objects which have been obtained or confiscated by the government from outside sources during its investigation(s) of this case to be material to the preparation of the defense and therefore producible; and request notice of any government decision to refrain from producing any such materials, so that a judicial decision as to production may, if warranted, be sought.

Please include in your production the following:

1. Any and all video or audio tapes or photographs of the defendant regarding any matter relevant to the indictment including any alleged behavior supporting the allegations of conspiracy, mail fraud, or money laundering.
2. Any and all documents relating in anyway pertaining to the Defendants alleged signing or writing of documents.

3. Any and all recordings and documents in whatever form pertaining to radio communications of law enforcement officers regarding any stop, arrest, search, surveillance or anything else relevant to the charges in this case.

## IV.  Reports of Examinations and Tests-Rule 16 (a)(1)(F)

Defendant requests production of copies of all results or reports of physical or mental examinations and scientific tests or experiments which are in the government's possession, custody or control, or the existence of which may become known to the government through the exercise of due diligence, which have been obtained or ordered (upon receipt by the government) relative to this case, in that they would be material to the preparation of the defense.  Please advise me of any decision to refrain from producing any such materials so that a judicial decision as to production may, if warranted,
be sought.

## V.  Summaries of Expert Testimony-Rule 16(a)(1)(G)

This is to request that you prepare and provide me with a written summary of any expert testimony which the government intends to offer in evidence under **Rule 702, 703,** or **705** Federal Rules of Evidence in its care-in-chief, to include a description of the witnesses' opinions, the basis and reasons therefore and the witnesses' qualifications.

## VI.  Rule 12(b)(4)(B) Notice

Defendant requests notice of the government's intention to use in evidence in chief at trial any evidence which the defendant may be entitled to discover under **Rule 16**.

## VII.  Other Offense Evidence-Rule 404(b)

Defendant requests notice of the nature of any "other offense" evidence which the government intends to use at trial in its case-in-chief or in rebuttal, together with any documents or tangible objects which the government intends to introduce in evidence in connection with such other offense evidence; any documents material to the preparation of the defense in opposition to said other offense evidence; and, any written or oral statements made by the defendant relevant to said other offense evidence, as such statements are defined in **Rule 16(a)(A)**. See **Rule 404(b)m** Fed,R. Evid.; **Rule 16(a)(1)(C)**, Fed.R.Crim.P.

## VIII.  Brady Material

All information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment without regard to materiality, within the scope of **Brady v. Maryland**, 373 U.S. 83 (1963); **United States v. Bragley**, 473 U.S. 667 (1985) and **Kyles v. Whitley**, 514 U.S. 419 (1995) including but not limited to:

1. Any material or information that would tend to attenuate, exculpate, exonerate, mitigate, or reduce or limit the defendant's involvement in or liability for any of the circumstances alleged in the indictment.

2. Any material or information which affects the credibility of any person, including law enforcement officers, informants, and any government witness involved in the investigation or prosecution of this matter or which would be of assistance in the cross-examination of such person, including, but not limited to the following (as used below person includes law enforcement officers, informants, government witnesses or any individual or entity that was involved in the investigation or prosecution of this matter.)

  a. prior criminal records (including juvenile court matters or arrests which did not result in conviction);
  b. any material or information revealing prior misconduct or bad acts;
  c. all documents concerning material inconsistencies between statements given by any person to the government, and all statements or other information which would tend to impeach the credibility of any prospective person;
  d. self-incriminating statements;
  e. inconclusive or deceptive performance on any portion of a polygraph examination;
  f. any and all threats, express or implied, direct or indirect, or other coercion directed against any witness the prosecutor intends to call at trial, including criminal prosecutions, investigations, or potential prosecutions pending or which could e brought against any such witness; any probationary, parole, deferred prosecution or custodial status of any such witness and any pending or potential civil, tax court, court of claims, administrative, or other legal disputes or transactions involving any such witness and the state or federal government, or over which the state or federal government has real, apparent or perceived influence;
  g. Any supervision status;
  h. Any pending or potential legal disputes with any local, state or federal government or agency;
  i. information concerning any possible motive of the person, in offering statements or testimony;
  j. Information concerning any agreements, deals, promises or inducements offered, discussed or made with a witness by any local, state or federal government employee without regard to whether or not such employee was authorized to offer such to the person;
  k. All documents concerning any promise, consideration or inducement given or offered to any prospective government witness by any law enforcement official, (including prosecutor,

|       | agents, police or informers:, whether made or given directly to the witness or indirectly to the witness' family or business; |
| ----- | ----- |
| l. | Sufficient identification of each occasion on which the person, has previously testified so that defense counsel may investigate such matters and obtain transcripts if necessary; |
| m. | Personal and government files concerning the person (including personnel files of law enforcement officers); |
| n. | Whether the person, has ever had his or her credibility or reliability questioned or doubted by any court, prosecutor or law enforcement agent; |
| o. | All documents concerning any reward claimed, received, or promised to any prospective persons; |
| p. | All documents hearing adversely on the character or reputation of any prospective person, including all evidence of lack of truthfulness; |
| q. | All documents hearing adversely on the ability of any person, to perceive or relate or recall events; |
| r. | All documents concerning any oral or written statements made by any person, which in any way contradicts or is inconsistent with, any oral or written statements made by any person; |
| s. | All documents concerning each specific instance of conduct from which it could be inferred that any person, is untruthful; and |
| t. | All documents concerning any requests prepared by the government for permission to grant immunity or leniency for any person (whether or not such request was granted). |

## IX.  Giglio Material

Defendant requests, pursuant to **Giglio v. United States**, 405 U.S. 150 (1972) and its progeny that the government produce any information known or reasonably discoverable by the government which might hear unfavorably upon the credibility of any witness expected to be called to testify by the government at trial.  Such information should include, but not be limited to:

| a. | The witness's prior criminal record, to include pending cases; |
| ---- | ---- |
| b. | Any known instance of the witness having made a false statement to a law enforcement officer either before or after arrest in the instant case, or while under oath; |
| c. | Any direct or implied promises or benefit or leniency in whatever form, known to have been made with respect to this or any other case; |
| d. | Information, if any, related to the length and extent of the witness; addiction to narcotic drugs; and |
| e. | The name and address of any person(s) known to the government to whom the witness has made statements |

concerning the subjects of the indictment, which statements were inconsistent with statements made by the witness to law enforcement officers.

## X.  Jencks

Provide all statements or reports in the government's possession made by government witnesses or prospective government witnesses.  **18 U.S.C. § 3500** (Jencks Act); Fed.R.Crim.P 26.2.  I request that this information be made available promptly.  Please inform me when this information will be available.

Please advise all investigating officers in this case that they should not initiate any contact with my client, and that any communication intended for my client be made through me.  All government agents should be further directed to preserve all of their rough notes.

The requests made above are of a continuing nature and presume that you will forward such information to me as it becomes available to the government.  I will make every effort, if necessary, to reschedule my time so as to accommodate any reasonable arrangements that can be made with respect to the inspection of physical exhibits which cannot be copied.  I would, however, appreciate your assistance in insuring that discoverable material is made available as early as possible so as to avoid any unnecessary inconvenience to the Court in dealing with last minute motions or delays related to preparation for trial.

If you have any questions regarding the nature of this request, please do not hesitate to contact me.

Very truly yours,

Richard P. Kutuchief

RPK:smf